**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PerdiemCo LLC<br><br>      **Plaintiff,**<br><br>  **v.**<br><br>Industrack LLC et al.<br><br>      **Defendants.** | **Lead Case: 2:15-cv-00727-JRG-RSP**<br><br>**Jury Trial Demanded** |

**PLAINTIFF PERDIEM'S OPPOSITION TO DEFENDANTS'**
**EMERGENCY MOTION TO CONSOLIDATED CASES**

Defendants' motion to consolidate the *Industrack* and *GPS Logic* cases would cause exactly the kind of delay that Rule 42 is intended to avoid, unnecessarily postponing the entire case schedule—including the claim construction hearing, close of discovery, and trial—by nearly two months.

Rather than promoting efficiency, Defendants' motion is the latest in a series of tactics designed to frustrate the efficient progress of this case.  In the past three months, Defendants have: proposed an excessive number of claim terms for construction; demanded that PerDiem reduce the number of asserted claims, while refusing to meaningfully reduce the number of proposed terms even after PerDiem narrowed the case to 32 asserted claims; filed a pair of improper "dispositive" motions under Rule 12(c)—apparently to avoid the Court's letter brief requirement and page limits applicable to summary judgment motions; and now burdened the Court with an unnecessary "emergency" motion.

Defendants' characterization of this as an "emergency" motion is puzzling, given their own delay in seeking consolidation.  Defendants could have requested consolidation in July,

1

when PerDiem filed its complaints against the *GPS Logic* defendants.  Or Defendants could have

requested consolidation in late December or early January, when the Court issued a Docket

Control Order in *GPS Logic*.  Defendants also could have filed this motion in the first week of

February, when PerDiem stated that it would oppose consolidation, but agree to an expedited

briefing schedule.  Instead, Defendants waited months before requesting consolidation, and even

waited an additional two weeks after conferring with PerDiem.  Defendants' styling of this

request as an "emergency" motion is bold, to say the least, given their own delays in seeking

consolidation.

Setting aside Defendants' unreasonable tactics, consolidation is not warranted here.  The

*Industrack* case is two months ahead of the *GPS Logic* case, and Defendants provide no

justification for moving it back.  The essence of Defendants' motion is a request that the Court

delay this case pending resolution of two motions improperly filed under Rule 12(c).  This

position—that an ongoing case should be stayed simply because a defendant has filed a

dispositive motion—is manifestly flawed.  Delaying a case for this reason would only provide an

incentive for defendants to file improper Rule 12(c) motions in the hopes of postponing case

deadlines until those motions are resolve.

PerDiem does not dispute that there is some factual overlap between the *Industrack* and

*GPS Logic* cases, but the overlap is not as substantial as Defendants claim.  PerDiem has accused

different products of infringement in the two cases, and currently asserts different sets of claims.

Although PerDiem has chosen 32 claims for assertion in *Industrack*, it has not made such an

election in *GPS Logic*, where it currently asserts 89 claims.  PerDiem expects to substantially

narrow the number of asserted claims in *GPS Logic* prior to trial, but may choose to assert

different claims than those asserted in this case.  Thus, the overlap in claim construction and

invalidity issues between the two cases is not as substantial as it might be in other cases involving the same patents.

## I.     LEGAL STANDARD AND ARGUMENT

Trial courts have broad discretion in determining whether to consolidate cases, and in making such a determination courts typically consider whether the cases involve common questions of law or fact, whether consolidation would prevent unnecessary cost or delay, or conserve judicial resources, and whether consolidation will result in prejudice to either party. Fed. R. Civ. P. 42(a); *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).  Common legal issues, factual issues, or parties generally favor consolidation where it will improve efficiency, but a delay in existing trial settings weighs against consolidation. *Smartflash LLC v. Google, Inc.*, No. 6:14-cv-435 (E.D. Tex. Jul. 7, 2014) (citing *In re Dearborn Marine Service, Inc.*, 499 F.2d 263, 270-271 (5th Cir. 1974), *cert. dismissed*, 423 U.S. 886 (1975)); *Broadcom Corp. v. Commonwealth Scientific and Indus. Research Org.*, No. 6:09-cv-513 (E.D. Tex. Jan. 7, 2010).  Consolidation is typically denied when cases are at different stages of preparedness for trial. *Smartflash*, No. 6:14-cv-435 (E.D. Tex. Jul. 7, 2014) (citing *St. Bernard Gen. Hosp.*, 712 F.2d at 990; *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989)).

### A.     The *Industrack* and *GPS Logic* Cases Will Involve Differing Issues of Law and Fact

Even though PerDiem has asserted the same five patents in both of the *Industrack* and *GPS Logic* cases, the two cases present differing issues, even with respect to claim construction and infringement.  The most obvious difference between the cases is with respect to infringement because PerDiem has accused different products of infringement in the two cases.  Defendants do not contend otherwise.  Instead, Defendants assert that, because the same patents are asserted

in both cases, "many of the issues will be the same, including issues of claim construction and invalidity." Mot. at 1.  Although there may be some overlap between the two cases on these issues, PerDiem does not agree that they will be "the same."  As described above, PerDiem has chosen 32 claims for assertion in the *Industrack* case, but has not yet narrowed the set of claims asserted in *GPS Logic*, where it currently asserts 89 claims.  Indeed, PerDiem would be justified in asserting different claims in the two cases based on differences in the various defendants' accused products.  Thus, contrary to Defendants' contention, claim construction and invalidity issues will not necessarily be "the same" for the *Industrack* and *GPS Logic* cases.

Defendants argue that "consolidation will enable the Court to conduct one claim construction hearing." Mot. at 1.  Defendants have identified at least 74 terms for construction in the *Industrack* case, and have refused to meaningfully limit the number of terms despite PerDiem's reduction of the number of asserted claims to 32.[1]  *See* PerDiem's Motion to Focus the *Markman* Hearing (Dkt. No. 68).  TV Management, Inc. d/b/a GPS North America, one of the Defendants in the *GPS Logic* case, has identified 115 claim terms for construction in that case.  Declaration of Brett Watkins, Ex. 1.  PerDiem and the *GPS Logic* defendants have not yet narrowed the claim construction disputes in that case.  But given the sheer number of terms Defendants have proposed for construction in *Industrack*, it is difficult to see how the Court could address those terms *in addition* to the terms proposed by the *GPS Logic* defendants.

Defendants reference the two dispositive motions filed in the *Industrack* and *GPS Logic* cases, and argue that "[t]he outcome of these dispositive motions will apply to both proceedings." Mot. at 1.  That statement is not necessarily accurate.  Defendants' 101 and 112

---

[1]   Defendants have proposed that these terms be grouped, but the proposed groupings are improper because different claim construction issues are raised between claims within the same group, as described in PerDiem's Motion to Focus the *Markman* Hearing and Reply in support thereof.  (Dkt. No. 68 at 7-8; Dkt. No. 77 at 2-5.)

motions in the *Industrack* case are directed only to the 32 claims that PerDiem has elected for that case.  Although the issues raised in Defendants' motions in this case may be pertinent to certain of the claims asserted in *GPS Logic*, the motions will not directly impact all such claims.  However, even assuming that Defendants' motions will have an affect on the claims asserted in *GPS Logic*, that is not a reason to consolidate.  Whether the cases are consolidated or not, the *GPS Logic* defendants have filed similar motions in that case and will have the opportunity to argue that the Court's decision in *Industrack* should apply to the claims asserted in *GPS Logic*.

Thus, although PerDiem has asserted the same five patents in both of the *Industrack* and *GPS Logic* cases, the two cases present different issues and consolidation will not necessarily promote efficiency.

**B.      Consolidation With *GPS Logic* Will Cause Unnecessary Delay and Prejudice to PerDiem**

Defendants ask the Court to delay the *Industrack* case by approximately two months, to proceed under the schedule in *GPS Logic*.  Mot. at 5.  Consolidation is not warranted for cases that are at different stages of preparedness for trial, *Smartflash*, No. 6:14-cv-435 (E.D. Tex. Jul. 7, 2014), and Defendants provide no compelling reason for a delay in this case.  Instead, Defendants attempt to justify the delay by arguing it will give the Court more time to consider their "dispositive" Rule 12(c) motions.[2]  *Id*. at 4-5.  Defendants could have requested consolidation at any point in the past several months, yet chose to wait until *after* filing two improper Rule 12(c) motions, burdening the Court with an unnecessary "emergency" motion.

---

[2]  As described in PerDiem's oppositions, Defendants' Rule 12(c) motions rely on evidence outside of the pleadings and raise inherently fact-intensive inquiries.  *See* Dkt. No. 76 at 9-10; Dkt. No. 78 at 11-14.  Because Defendants did not confine these motions to the pleadings, they are not proper Rule 12(c) motions.  Instead, both should have been presented as motions for summary judgment, subject to the Court's letter brief requirement and aggregate page limits applicable to such motions.

Unfortunately, this maneuver of waiting until after filing Rule 12(c) motions, and using that as a basis for requesting delay under the guise of consolidation, is emblematic of the manner in which Defendants have been litigating this case.

For example, as described in PerDiem's Motion to Focus the *Markman* Hearing and Reply in support thereof (Dkt. Nos. 68, 77), Defendants initially proposed 147 terms for claim construction, then demanded that PerDiem reduce the number of asserted claims.  Yet when PerDiem reduced the number of asserted claims from 89 to 32, Defendants still refused to meaningfully narrow that list of proposed terms, forcing PerDiem to seek relief from the Court. As another example, Defendants filed a motion to compel PerDiem to provide more specific intrinsic evidence citations in support of its proposed constructions, *despite the fact that PerDiem had already agreed to provide the requested information*.  Dkt. Nos. 63, 64.

Defendants' refusal to conduct this case in a reasonable manner is further exemplified by their repeated assertions that PerDiem is only asserting 31 claims, despite PerDiem's clear and unambiguous assertion of **32** claims.  As described in its Motion to Focus the *Markman* Hearing, PerDiem sent Defendants a letter on January 22 stating that it would narrow the case to 32 patent claims, but inadvertently left out one independent claim in the list of remaining claims.  Dkt. No. 68 at n.2.  Defendants did not bother to ask why the letter said PerDiem would narrow the case to 32 claims, but only listed 31 claims.  When PerDiem became aware of the discrepancy two weeks later, it immediately sent a letter to Defendants correcting the error.  *Id*.  However, Defendants have chosen to ignore PerDiem's timely correction of an inadvertent mistake and repeatedly misrepresented to the Court that PerDiem is asserting only 31 claims.  *See* Mot. at 5; Dkt. No. 66 at 2, 23-25; Dkt. No. 75 at 2.

"Plaintiffs have an interest in the timely enforcement of their intellectual property rights."

*See MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287, 2013 WL 7760889, at \*1 (E.D.

Tex. Aug. 30, 2013).  Although the length of delay Defendants seek may not seem unreasonable,

two months is enough to cause prejudice to PerDiem, particularly in the context of the manner in

which Defendants have chosen to litigate this case.  PerDiem has attempted to work with

Defendants at every turn, *e.g.*, by agreeing to reduce the number of asserted claims, attempting to

narrow the claim construction disputes for the Court, and providing more specific intrinsic

evidence citations.  But Defendants have responded to PerDiem's efforts only with resistance.

Defendants have not identified any prejudice that will result if the Court declines to

consolidate the cases.  Thus, the only prejudice resulting from consolidation will be to PerDiem

as a result of unnecessary delay caused by Defendants' unreasonable litigation tactics.

## II.  CONCLUSION

For the foregoing reasons, PerDiem respectfully requests that the Court deny Defendants'

motion to consolidate the *Industrack* and *GPS Logic* cases.

DATED: Feb. 26, 2016                    By   */s/ J. Mark Mann*
                                        J. Mark Mann
                                        State Bar No. 12926150
                                        mark@themannfirm.com
                                        G. Blake Thompson
                                        State Bar No. 24042033
                                        blake@themannfirm.com
                                        MANN | TINDEL | THOMPSON
                                        300 West Main Street
                                        Henderson, Texas 75652
                                        Telephone:  (903) 657-8540
                                        Facsimile:  (903) 657-6003

                                        Alan L. Whitehurst
                                        Marissa R. Ducca
                                        QUINN EMANUEL URQUHART & SULLIVAN,
                                        LLP
                                        777 6th Street, NW 11th Floor
                                        Washington, DC 20001
                                        Telephone:  202-538-8000
                                        Facsimile:  202-538-8100
                                        alanwhitehurst@quinnemanuel.com
                                        marissaducca@quinnemanuel.com

                                        *Attorneys for PerdiemCo LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 26, 2016, I electronically filed the foregoing document with the clerk of the Court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the Court's electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record in this case.

*/s/ J. Mark Mann*
**J. Mark Mann**
