IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PerdiemCo LLC<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Industrack LLC<br><br>　　　　　　Defendant. | Docket No. 2:15-cv-727-JRG-RSP |

**GEOTAB'S OPPOSITION TO PERDIEM'S MOTION TO STRIKE CHECKMATE
OPINIONS OTHER THAN THE "CHECKMATE 4.6 USER GUIDE"
<u>FROM THE EXPERT REPORT OF STEPHEN B. HEPPE</u>**

The Court should deny Perdiem's motion to strike Checkmate Opinions Other than the "Checkmate 4.6 User Guide" from the Expert Report of Stephen B. Heppe (Dkt. No. 157).

Perdiem concedes that the prior art Checkmate 4.6 system as exemplified by the Checkmate 4.6 User Guide ("Checkmate 4.6") was properly disclosed and charted in Geotab's invalidity contentions. The prior art Checkmate 5.0 system as exemplified by the Checkmate 5.0 User Guide ("Checkmate 5.0"), is essentially the same in all material respects to Checkmate 4.6, except that it expressly describes a "GO Live" unit that provides real-time transmission of location data from the GO unit to the server. Indeed, the express identification of the "GO Live" unit is the only distinction between Checkmate 4.6 and Checkmate 5.0 that Perdiem identifies in its motion. D.I. 157 at 4.

Perdiem injected real-time transmission of location data into this case several months after Geotab served its invalidity contentions in November 2015, arguing that such transmission was required by one or more of its asserted claims in Perdiem's February 22, 2016 opposition to Geotab's motion on the pleadings.[1] D.I. 76 at 13. However, none of the asserted claims actually recite or require that location data be transmitted at or near real time, and Defendants maintained that real-time transmission was not a recited element of any of the Asserted Claims. *See* D.I. 84 (Mar. 3, 2016). Perdiem reiterated its position that the claims describe real-time collection of data in a technology tutorial that was submitted to the Court at the Claim Construction hearing on April 21, 2016, but whether real-time transmission of data from the location information source was required by any of the Asserted Claims was not an issue before the Court at the claim construction hearing.

---

[1] Perdiem never asserted any alleged requirement of real-time transmission of location data in its infringement contentions.

Nonetheless, in view of Perdiem's repeated assertions and in an effort to show that real-time transmission of location data was well known in the prior art, and actually used by Geotab, Geotab located the manual and other supporting documents for the prior art Checkmate 5.0 system on May 31, 2016, and produced them to Perdiem on June 3, 2016.

Perdiem's cases are inapposite.  Neither *Realtime Data, LLC v. Packeteer, Inc.*, No., 6:08-cv-144-LED_JDL, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8. 2009), nor *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 WL 7180756, at *3 (E.D. Tex. May 1, 2008) address the question of whether and to what extent a reference need be charted against a claim element that does not exist, such as the alleged real-time transmission of location data here.

Perdiem has not, and cannot, identify any reason why it would suffer prejudice if the references to Checkmate 5.0 remain in Dr. Heppe's report.  Perdiem has been on notice that Geotab would rely on Checkmate 4.6 since Geotab timely served its invalidity contentions last November.  The disclosure of Checkmate 5.0 is essentially the same in all material respects to Checkmate 4.6, except for the express disclosure of real time transmission of location data, which is not required by the Asserted Claims but now has been injected by Perdiem as a purported element..  Moreover, Checkmate 5.0 cannot be a surprise to Perdiem as it admits that real time transmission of location data was known in the prior art at the time of the alleged invention.  D.I. 76 at 1.

For the foregoing reasons, Geotab respectfully requests that the Court deny Perdiem's motion.

Dated: July 25, 2016                                Respectfully submitted,

/s/ *Bruce C. Haas* by Permission Andrea Fair
LEAD COUNSEL
Bruce C. Haas
John D. Carlin
Sean M. McCarthy
Ketan V. Patel
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
Email: bhaas@fchs.com;  jcarlin@fchs.com;
smccarthy@fchs.com; kpatel@fchs.com

Wesley Hill
State Bar No. 24032294
Claire Henry
State Bar No. 24053063
Andrea Fair
State Bar No. 24078488
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: wh@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

*Attorneys for Defendant Geotab Inc.*

- 4 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 25, 2016, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants, in compliance with Local Rule CV-5(a)(3).  As such, this document was served on all counsel deemed to have consented to electronic service.


             /s/ *Andrea Fair*

FCHS_WS 12650144v2.doc