# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PERDIEMCO, LLC., | § § § | |
| *Plaintiff*, | § | Case No. 2:15-CV-00727-JRG-RSP |
| v. | § § | |
| INDUSTRACK LLC, | § § § | |
| *Defendant*. | § § § | |

| | | |
|---|---|---|
| PERDIEMCO LLC, | § § | |
| *Plaintiff*, | § | Case No. 2:15-CV-00726-JRG-RSP |
| v. | § § | |
| GEOTAB INC., GEOTAB USA, INC., | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

PerDiem moved *in limine* to preclude Geotab from presenting evidence or argument that relates to or undermines the Court's Claim Construction Order. Dkt. 231 at 1. The Court granted PerDiem's motion, *see* Dkt. 250 at 2, but because of the nature of the issue, the Court ordered supplemental briefing regarding specific examples of evidence or argument that could implicate claim construction, *see id.* After considering the supplemental briefing, the Court finds it necessary to enter this supplemental Order to ensure that claim construction matters are not presented to the jury.

## *O2 MICRO*

Claim construction is decided by the Court, not the jury. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed.Cir.1995) (en banc), *aff'd* 517 U.S. 370 (1996). *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). "Words of a claim are generally given their ordinary and customary meaning, which is the meaning a term would have to a person of ordinary skill in the art after reviewing the intrinsic record at the time of the invention." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). *Id.* A court's determination that a claim term "needs no construction" or has "plain and ordinary meaning," however, "may be inadequate when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute." *Id.* at 1361 (emphasis added). Accordingly, "[w]hen the parties raise an actual dispute regarding the proper scope of [the] . . . claims, the court, not the jury, must resolve that dispute." *Id.* at 1360 (citing *Markman*, 52 F.3d at 979).

### A. "User"

The Court's *Markman* Order construed the term "user" as "a person who uses." Dkt. 155 at 22. Geotab did not propose a construction of the term "use," *see* Dkt. 155 at 20, and in fact clarified that "we're not at this point construing 'use' in terms of what it takes to 'use' the system," Dkt. 110 at 15:20-23. PerDiem argues that Geotab nevertheless may attempt to argue that the term "use" is limited to "controlling" or "managing" the conveyance of information within a claimed system. *See* Dkt. 252 at 1. Geotab contends that such a position relates to infringement and would not implicate claim construction. *See* Dkt. 255 at 1.

Admittedly, this dispute resulted because the Court accepted Geotab's proposed construction of the term "user"—a construction that simply removed the derivational suffix from

2

the claim term. Such a construction does not, however, permit a party to revisit claim construction by arguing the meaning of the root word. The patents do not suggest that the term "use" has a narrowed or special meaning, and Geotab is precluded from arguing otherwise.

The question regarding what Geotab is permitted to argue remains. Geotab is correct that the question of whether a person "uses" the claimed system is a question of infringement. By contrast, if an expert testifies that the *term* "use" has a special meaning in light of the intrinsic record, the expert is testifying about claim construction. Consider a hypothetical claim reciting a "driving" step, for example. Whether a person is "driving" a vehicle by simply sitting in the vehicle is an infringement question. Whether the term "driving" means only travelling on a two-lane highway at night, however, is a claim construction question. The expert testimony highlighted by PerDiem, *see* Dkt. 252 at 1-2, raises questions regarding claim construction because the testimony suggests that the term "use" has a particular meaning in light of the specification. *See O2 Micro*, 521 F.3d at 1361 (Fed. Cir. 2008) ("This dispute over the *scope* of the asserted claims is a question of law.") (emphasis added).

Accordingly, the Court must resolve the dispute. "In some cases, the ordinary meaning of claim language . . . may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1360 (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc). Such is the case here. The Court holds that the plain and ordinary meaning of the term "use" is not limited to "controlling" or "managing" any operation of the claimed invention. In addition, the plain and ordinary meaning of the term "use" does not require the capability to "control" or "manage" any operation of the claimed invention. Geotab is precluded from presenting evidence or argument suggesting otherwise.

## B. "To Define"

Claim 18 of asserted U.S. Patent No. 8,223,012 recites:

> A method for conveying information among a plurality of computing devices associated with a plurality of users including a first user, a second user, and a third user, the method comprising:
> providing an interface to a first computing device associated with the first user *to define a relationship of an information package* with at least one of a zone information, an object location information, or an object location event information and *to define an information package access code*;
> conveying the information package to a second computing device associated with one of the second user or the third user based on said information package access code.

Geotab argued during claim construction that the claims "expressly require the step of 'conveying [an] information package to a second computing device . . . based on [an] information package access code,'" and "in order for such a conveyance to be performed, someone must first interact with the 'interface' to define the information package and the information package access code." *See* Dkt. 91 at 20.

The Court held that because the "conveying" step involves conveying "the information package," the "to define" limitations must actually be performed as part of the providing step. Dkt. 155 at 36. ("The Court therefore hereby finds that 'to define a relationship of an information package' and 'to define an information package access code' recite actions that must be performed as part of providing the interface."). Neither party argued whether the claims themselves required a particular person or entity to perform the defining steps.

PerDiem contends that it is contrary to the Court's claim construction for Geotab to now suggest that it is only the user who must interact with the interface to define the information package. Dkt. 252 at 4. According to PerDiem, because "Geotab provides the interface[,] . . . Geotab must therefore be involved in performing the recited 'defining' action." *Id.* The Court disagrees that Geotab must necessarily perform the defining step. Unlike the

4

dispute regarding the "user" limitation, the question of *who* performs a claimed step, when the claims do not require any particular actor, is a matter of infringement. Geotab is not precluded from arguing that it does not infringe.

The intrinsic record, however, does not support an argument that the claims themselves require a particular person or entity to perform the defining steps. Geotab contends that "Claim 18 of U.S. Patent No. 8,223,012 . . . plainly requires that the 'define' actions be performed by a first user using a first computing device to access the interface provided thereto." *See* Dkt. 239 at 1. To the extent Geotab can raise such arguments at this late stage of the case, the Court disagrees. The claims do not require any particular person or entity to perform the "providing" step and thus do not require any particular person or entity to perform the "to define" actions. In sum, Geotab can argue about who performs the defining step, but Geotab may not argue that the claims themselves define who must perform this step.

### C. "Information Access Code" and "Access Control Code"

Claims of the '012 patent recite the terms "information access code" and "information package access code," which the Court construed as "a code for controlling access to information," and "a code for controlling access to an information package." Dkt. 155 at 52-53. On the basis of intrinsic and extrinsic evidence, the Court rejected Geotab's argument that "access code" was limited only to a password. *Id.* at 52. PerDiem argues that Geotab is now attempting to revisit this issue by contending that Geotab's accused software does not utilize an "access code," as that term is used in the specification. Dkt. 252 at 6.

The Court is troubled by the testimony highlighted by PerDiem. *See id.* at 6-8. Geotab's expert suggests that the accused software does not infringe because it is different than the specification's examples, many of which describe the "access code" as a password. This

5

testimony will not be permitted in front of the jury. Except in cases involving § 112, ¶ 6, or the rare case involving the "reverse doctrine of equivalents," *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1366 (Fed. Cir. 2002), the test for infringement is not whether the accused product is similar to an embodiment described in the patent. To suggest otherwise in the context of the term "access code" risks misleading the jury into thinking that an "access code" must simply mean a "password" because passwords are the only "access codes" described by the specification. That is a claim construction argument that has been resolved.

### D. "Administrator System," "User Identification Code," and "Data File"

PerDiem highlights expert testimony implicating the Court's construction of three additional terms. With respect to "administrator system," Geotab is precluded from presenting evidence or argument suggesting that the claims require an "administrator system" that is separate from any other system. The claims do not include this requirement. With respect to "user identification code," Geotab is precluded from presenting evidence or argument suggesting that the term "user identification code" refers to any particular person for the reasons explained above. Finally, with respect to the term "data file," Geotab is precluded from presenting evidence or argument suggesting that the term "data file" requires a filename or must be capable of being attached to an email or text message. Such arguments have either been resolved or were never raised during claim construction and are thus waived. *See Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (affirming district court finding that claim construction argument not raised during claim construction phase is waived).

### CONCLUSION

The parties are **ORDERED** not to raise claim construction issues in front of the jury, and the parties must approach the bench before introducing evidence or argument about the subject

matter. The Court encourages the parties to apply the principals of this Order to analogous future disputes to ensure that matters of claim construction are not presented to the jury.

**SIGNED this 28th day of October, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE